

**New York | Los Angeles | Philadelphia | Miami | New Jersey | San Francisco | San Diego| Washington, D.C.**

March 10, 2026

<u>**VIA ECF**</u>
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re: Bement v. AstraZeneca Pharmaceuticals LP, No. 1:25-cv-01280 (AS) / Plaintiff's Letter-Reply Regarding Substantial Economic Hardship**

Dear Judge Subramanian:

Pursuant to the Court's March 9, 2026, Order granting Plaintiff leave to submit evidence regarding whether travel to Manhattan would impose substantial economic hardship, Plaintiff respectfully submits this letter-reply with supporting documentation.

Plaintiff remains prepared to proceed with her deposition on March 18, 2026. The issue is the manner of attendance. As set forth below, requiring Plaintiff to appear in person in Manhattan would impose a substantial and concrete economic hardship, and the hardship is materially greater than the routine costs most deponents face.

   1.  **<u>Substantial economic hardship supported by documentation</u>**

Plaintiff is currently facing significant outstanding obligations and recent unexpected expenses, including:

- Home repair / water-damage remediation proposal – $1,150.00
- Plumbing repair invoice – $406.08
- Verizon bill – $534.58 total due ($262.79 past due portion)
- Mortgage statement shows total amount due of $6,861.98
- Two judgment/payment arrangement matters with Chase totaling approximately $19,032.50 (comprised of obligations of $14,915.50 and $4,117.00), which have impaired Plaintiff's ability to access credit.
- Unpaid dental bill of approximately $1,356.78
- Automotive transmission bill - $9,514.80

These are not generalized allegations. Plaintiff submits supporting documentation reflecting these outstanding obligations and her limited liquidity, including a current bank account screenshot showing limited available funds and a nearly exhausted overdraft line of credit.

## 2. Travel to Manhattan would impose significant out-of-pocket costs that Plaintiff canot reasonably absorb

An in-person deposition in Manhattan requires a five-hour drive each way, and depending on start time would require at least one hotel night and often two. Plaintiff's recent experience traveling for an expert evaluation underscores the burden: she drove more than ten hours in one day because she could not afford a hotel, became drowsy, and required multiple breaks.

As reflected in Plaintiff's expense summary, typical costs associated with a Manhattan deposition include:

- Hotel approximately $400 per night (and, as a practical matter, one to two nights depending on start time and end time)
- Parking approximately $100
- Meals approximately $200
- Tolls approximately $60

In Plaintiff's current financial condition, these added costs are significant and would require Plaintiff either to forgo necessary household expenses or incur additional debt in circumstances where her credit is constrained by existing judgments.

## 3. This is not strategic delay and it is consistent with the record of virtual accommodations

Defendant has suggested that Plaintiff previously traveled to New York City for expert evaluations and therefore travel is not burdensome. Plaintiff did travel once earlier in the case for an initial evaluation with a prior expert. That expert was later replaced. The current evaluator confirmed in writing that sessions were conducted virtually because travel to the evaluator's office would have been overly burdensome for Plaintiff.

Plaintiff's request is therefore consistent with the manner in which key litigation-related evaluations have been conducted in this case and consistent with the Court's directive to focus on Plaintiff's individualized economic hardship.

## 4. Proposed resolution

Plaintiff respectfully requests that the Court permit Plaintiff's deposition to proceed by remote videoconference subject to appropriate safeguards (including those previously proposed), or alternatively direct that the deposition proceed from a professional deposition facility in the

Syracuse area with certified reporting and videography. In addition, consistent with the Court's suggestion, Plaintiff has requested that Defendant consider moving the deposition to Thursday, March 19 or Friday, March 20 to reduce the workday burden. Defendant has not agreed.

### Exhibits

Plaintiff submits the following exhibits:

- **Exhibit A:** Home repair proposal related to water damage (house repairs).
- **Exhibit B:** Dental statement showing outstanding balance.
- **Exhibit C:** Plumbing invoice showing outstanding balance.
- **Exhibit D:** Automotive transmission bill.
- **Exhibit E:** Verizon bill reflecting additional outstanding monthly expense.
- **Exhibit F:** Current bank account screenshot reflecting limited available funds and near exhaustion of overdraft credit.
- **Exhibit G:** Letter from Psychotherapist confirming virtual sessions due to travel burden.
- **Exhibit H:** Monthly payment arrangements for Chase bank judgments.
- **Exhibit I:** Outstanding mortgage balance statement.
- **Exhibit J:** Declaration of Plaintiff Nicole Bement.

Plaintiff respectfully submits that this evidentiary showing demonstrates substantial economic hardship specific to Plaintiff and warrants permitting a remote deposition pursuant to Fed. R. Civ. P. 30(b)(4).

GRANTED in PART. The Court has reviewed the individualized evidence plaintiff has submitted and agrees that travel to Manhattan for her deposition would pose substantial economic hardship.

Here are the options: Either plaintiff may be deposed remotely with any appropriate safeguards requested by defendant, or plaintiff may be deposed in person at a professional deposition facility in the Syracuse area. Plaintiff says she is open to moving the deposition to Thursday, March 19 or Friday, March 20, so if that's more convenient for defendant, then defendant should take her up on that offer. By **Friday, March 13, 2026**, the parties shall meet and confer to iron out the details.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 48.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 11, 2026

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**
*By: /s/ J. John Bral, Esq.*
J. John Bral, Esq.
450 7th Avenue, 30th Floor
New York, NY 10123
(212) 587-0760

*Counsel for Plaintiff*

cc: All counsel of record (via ECF)

3